Gen. 71]                                                                71

### CORRECTIONS – PATUXENT INSTITUTION – APPLICATION OF MANDATORY MINIMUM SENTENCES TO YOUTH PROGRAM PARTICIPANTS

May 23, 1995

*The Honorable Michael R. Gordon*
*House of Delegates*

You have requested our opinion on the applicability of Article 31B, §11(b)(3) of the Maryland Code to the recently enacted Patuxent Institution Youth Program. Specifically, you ask whether a person in the Patuxent Institution Youth Program who received a life sentence must serve at least 15 years and then be paroled only with the permission of the Governor, pursuant to Article 31B, §11 (b)(3), or whether that person may be paroled at any time with the approval of the Secretary of Public Safety and Correctional Services, pursuant to Article 27, §690A-1(d)(2) of the Code.

For the reasons stated below, we conclude as follows: Article 31B, §11 (b)(3) applies to the Patuxent Institution Youth Program. Thus, a person in the Program who is serving a life sentence must serve at least 15 years before becoming eligible for parole, and that person's parole must be approved by the Governor.

## I

### Statutory Background

Article 31B, §11 itemizes the circumstances under which a person confined at the Patuxent Institution may be released. One such circumstance is when the institutional board of review grants a period of parole. §11(b)(2).[1] The board's authority to grant parole is limited by §11(b)(3):

---

[1] The nine-member board of review is created under Article 31B, §6. If the board "concludes that (i) it will not impose an unreasonable risk on society; and (ii) it will assist in the remediation of the eligible person, it may grant a parole from the Institution for a period not exceeding one year." §11(b)(2). A parolee's successful completion of three years' parole might lead to permanent release, with court approval. *See* §11(e).

> Except as provided in paragraph (4) of this subsection, a person confined who has been sentenced to life imprisonment is not eligible for parole consideration until the person has served 15 years or the equal of 15 years when considering allowances for diminution of the period of confinement provided for in Article 27, §§638C and 700 of the Code.

The exception in "paragraph (4)" refers to a *25* year minimum for a person who was sentenced to life imprisonment for first degree murder. An eligible person who is serving a term of life imprisonment may only be paroled by the Governor. Article 31B, §11(b)(5). *See also Angell v. Henneberry*, 92 Md. App. 279, 296, 607 A.2d 590 (1992).

Article 31B, §11(b)(3) was enacted as part of Chapter 264 (House Bill 425) of the Laws of Maryland 1994, which changed the "role and mission" of the Patuxent Institution. The bill's title described §11(b)(3) and (4) as "specifying that certain persons serving a certain sentence at the Institution may only be paroled under certain circumstances." More directly, the fiscal note characterized these provisions as "restrict[ing] parole eligibility for persons with life sentences." Fiscal Note on House Bill 425.

During the 1994 Session, the General Assembly passed another bill dealing with the Patuxent Institution. Chapter 639 (House Bill 1109) of the Laws of Maryland 1994 created the Patuxent Institution Youth Program ("the Program"). The Program is evidently intended to provide specialized educational and skills training services to youthful offenders. The Program is open to an individual under the age of 21 years who is sentenced to a term of imprisonment of three years or more. Article 27, §690A-1(b).

Chapter 639 also addressed parole from the Patuxent Institution for participants in the Program:

> Whenever an individual is approved for transfer to the program under this section, the duration of the transfer to the Patuxent Institution shall terminate on the first to occur of the following:

>        (1) The Director of Patuxent Institution orders the individual transferred to the Division of Corrections;
>
>        *(2) With the approval of the Secretary of Public Safety and Correctional Services, the individual is ordered paroled by the Patuxent Institution Board of Review*; or
>
>        (3) The individual's term of imprisonment is completed as provided by law.

Article 27, §690A-1(d) (emphasis added).

Because §690A-1(d)(2) allows parole at any time by the review board, with the approval of the Secretary of Public Safety and Correctional Services, this provision is inconsistent with Article 31B, §11(b)(3). As discussed above, §11(b)(3) requires that a person sentenced to life imprisonment serve at least 15 years before becoming eligible for parole from the Institution.

## II

### Construction of the Two Statutes

#### A. Introduction

"'Statutes that deal with the same subject matter, share a common purpose, and form part of the same system are *in pari materia* and must be construed harmoniously in order to give full effect to each enactment.'" *Gargliano v. State,* 334 Md. 428, 436, 639 A.2d 675 (1994) (quoting *State v. Loscomb*, 291 Md. 424, 432, 435 A.2d 764 (1981)). *See also State v. Cicoria*, 332 Md. 21, 42-43, 629 A.2d 742 (1993); *State v. Thompson*, 332 Md. 1, 7, 629 A.2d 742 (1993); *In re Criminal Investigation No. 1-162*, 307 Md. 674, 690, 516 A.2d 976 (1986). This principle of construction is particularly applicable if the statutes were enacted at the same time. *In re Criminal Investigation No. 1-162*, 307 Md. at 690. *See generally* 2B Norman J. Singer, *Sutherland Statutes and Statutory Construction*, §51.02 (5th ed. 1991) (legislative provisions that are *in pari materia* should be construed together).

## B.  Harmonizing Article 31B, and Article 27, §690A-1

The law that enacted §11(b)(3), Chapter 264 of the Laws of Maryland 1994, changed the purpose of the Patuxent Institution; the Institution now is to "provide remediation programs and services to youthful eligible persons ...."  Article 31B, §2.  But some of these "youthful ... persons," the law recognized, would inevitably be persons who had been sentenced to life imprisonment.  For "lifers" at Patuxent, youthful or not, the law toughened the standards for parole.  Indeed, the summary of the bill in the fiscal note gave parallel status to the two changes:  The bill "(1) changes the purpose of the Patuxent Institution to indicate that the program is for youthful offenders ... and (5) restricts the parole eligibility for persons with life sentences."

The law that enacted §690A-1(d)(2), Chapter 639 of the Laws of Maryland 1994, can be viewed as another element in this change in the Institution's mission.  In the words of a briefing paper about this bill, "As more youth offenders are phased into the ... program, they eventually will account for a large proportion of the inmate population at Patuxent Institution."  Thus, the legislative history indicates that the General Assembly, fully aware that the population of the Patuxent Institution would include many youthful offenders, nonetheless mandated that those persons sentenced to life imprisonment at the Patuxent Institution serve a minimum of 15 years.[2]

The mandate in §11(b)(3) embodies a legislative decision that *all* persons sentenced to life imprisonment must serve at least 15 years before becoming eligible for parole.  Prior to the 1994 amendment, only those persons confined in the Institution who received a life sentence for first degree rape, first-degree sexual offense, or first-degree murder were required to serve a minimum of 15 years before being eligible for parole. *See* Article 31B, §11(b)(5) (1957, 1993 Repl. Vol.). *See also Alston v. Robinson*, 791 F. Supp. 569, 572 n. 11 (D. Md. 1992) (certain individuals must serve minimum sentence before becoming eligible for parole).  The deletion of these limited categories reflects the legislative purpose that all persons sentenced to a term of life imprisonment serve a minimum term of at least 15 years.

---

[2] The minimum is 25 years for "lifers" convicted of first-degree murder.  §11(b)(4).

Furthermore, Article 27, §690A-1 makes reference to Article 31B. Specifically, Article 27, §690A-1(g)(1) requires the Secretary of Public Safety and Correctional Services to "adopt regulations for the management and operation of the Program, including criteria for the admission to the Program." These criteria for admission "shall *... [b]e consistent with Article 31B of the Code* and another other statutory requirements." §690A-1(g)(2)(i) (emphasis added). Although the italicized phrase refers in this context only to admission criteria, surely the Secretary's overall "management and operation" of the Youth Program must likewise be consistent with Article 31B, including the mandatory minimum in §11(b)(3) of that article. Indeed, we understand that the Secretary has already reached this conclusion.

In short, the grant of discretion to the review board and the Secretary under Article 27, §690A-1(d)(2) is limited, for the category of offenders sentenced to life imprisonment, by the mandatory minimum sentence in Article 31B, §11(b)(3).

### III

### Conclusion

In summary, it is our opinion that Article 31B, §11(b)(3), which mandates that an individual who receives a life sentence must serve at least 15 years and then be paroled only with the permission of the Governor, applies to the Patuxent Institution Youth Program.

> J. Joseph Curran, Jr.
> *Attorney General*
>
> Kimberly Smith Ward
> *Assistant Attorney General*

Jack Schwartz
*Chief Counsel*
  *Opinions & Advice*

***Editor's Note:***

In Chapter 54 of the Laws of Maryland 1999, the General Assembly recodified former Article 27, §4-401 of the Correctional Services Article.